**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | )   CR-03-1167-PHX-DGC |
| Plaintiff, | )<br>)   **ORDER** |
| vs. | )<br>) |
| Craig T. Kelly (12); and Robert S. McKay (16), et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Defendants have filed several motions to dismiss based on the Government's failure to comply with its disclosure obligations.  *See* Docs. ##836, 944, 966.  The Court will address these motions separately.

**I.     Defendant Craig Kelly's Motion to Dismiss (Doc. #836).**

Defendant Kelly asks the Court to dismiss this case because the Government did not timely disclose 51 videotapes related to the Laughlin shooting incident, but instead sent a letter to defense counsel explaining that the videotapes were available for purchase at a Nevada vendor.  Defendant Kelly also notes that wiretap evidence produced in this case includes no minimization logs.  On the basis of these omissions, Defendant Kelly asks that the indictment be dismissed.

In an order dated January 27, 2006, the Court addressed similar arguments from other Defendants and set forth the legal requirements for dismissal on the basis of government misconduct.  *See* Doc. #1132.  The Court concludes that Defendant Kelly has not satisfied

1   the high threshold of showing that the Government engaged in either outrageous or
2   flagrant misconduct.  *See id.*  Nor has Defendant Kelly attempted to show substantial
3   prejudice from the Government's failure to disclose the videotapes or minimization logs.
4   *Id.*  Defendant Kelly's motion will therefore be denied.

5   **II.     Defendant Robert McKay's Supplemental Motion to Dismiss Laughlin Predicate**
        **Act (Doc. #944).**
6

7          Defendant McKay asks the Court to dismiss the Laughlin predicate act on the basis
8   of three events:  the late disclosure of the 51 videotapes concerning the Laughlin incident,
9   the incompleteness of chain-of-custody documents for the videotapes, and the fact that
10  the tape from VCR 42 does not begin until after the Laughlin shootings.   The Court
11  addressed these discovery issues at the twelfth and thirteenth case management
12  conferences.  *See* Doc. ##1012, 1130.

13         As noted above, the Court addressed a similar motion to dismiss in an order dated
14  January 27, 2006, setting forth the applicable legal standards.  *See* Doc. #1132.  Applying
15  those standards, the Court concludes that Defendant McKay has not carried his heavy
16  burden of showing outrageous or flagrant misconduct by the Government, nor has he
17  attempted to show substantial prejudice.   He therefore has not satisfied the requirements
18  for dismissal of the predicate act.  *See id.*  Defendant McKay's supplemental motion will
19  be denied.

20  **III.    Defendant McKay's Motion to Dismiss for Discovery Violations (Doc. #966).**

21         Defendant McKay seeks dismissal of Counts 6 and 7 of the indictment based on the
22  Government's failure to disclose three categories of information:  the flashlight allegedly
23  used by Defendant McKay to beat William Potter, medical records resulting from Mr.
24  Potter's alleged injuries, and the plea agreement and other documents related to a Pima
25  County Superior Court case against Mr. Potter.   Defendant McKay asserts that the
26  Government's failure to disclose this information violates *Brady v. Maryland*, 373 U.S. 83
27  (1963), that the evidence should therefore be excluded from trial pursuant to Rule 16(d)(2),
28  and that Counts 6 and 7 therefore must be dismissed.

1       The Government responds by stating that it has offered on three occasions since

2   October 21, 2005, to make arrangements for defense counsel to inspect the flashlight, but

3   that defense counsel has never accepted the offer or called Government counsel to arrange

4   the inspection.   The Government further asserts that there are no medical records of Mr.

5   Potter's injuries because he refused medical treatment.   Finally, the Government asserts

6   that documents related to Potter's Pima County Superior Court case are irrelevant because

7   they could be used only for impeachment and the Government does not intend to call

8   Potter as a witness at trial.   The Government asserts that Potter has never cooperated with

9   law enforcement and that the evidence against McKay will therefore consist of eyewitness

10   testimony from individuals who allegedly witnessed McKay's assault on Potter.

11       In reply, counsel for Defendant McKay asserts that she made clear at a

12   December 21, 2005 status conference that she wanted to review the flashlight and that

13   arrangements nonetheless have never been made.   She does not respond to the email dated

14   December 14, 2005, attached to the Government's response, in which counsel for the

15   Government clearly asks her to contact him if she wants to view the flashlight.   Nor does

16   she respond to Government counsel's assertion that he first offered to have her examine

17   the flashlight on October 21, 2005.   It is evident that the Government is willing to permit

18   examination of the flashlight and that counsel for both sides have had difficulty arranging

19   for the examination.   Such discovery difficulties do not rise to the level of outrageous or

20   flagrant Government misconduct warranting dismissal of Counts 6 and 7.   *See* Doc. #1132.

21   Nor has Defendants McKay shown substantial prejudice from the delayed examination of

22   the flashlight.   *Id.*   Counsel for Defendants McKay should call counsel for the Government

23   to arrange a time to inspect the flashlight.   Doing so promptly will permit inspection of the

24   flashlight well before trial.

25       Defendant McKay's reply concedes that there are no medical records for Mr.

26   Potter's injury, agreeing that Potter refused medical treatment.   The Government's failure

27   to disclose non-existent medical records obviously does not justify dismissal on the

28   grounds of Government misconduct.

1    Finally, Defendant McKay complains that the Government has "withdrawn" Mr.
2    Potter as a witness, asserting that it did so only to avoid disclosing impeachment
3    information from his Pima County Superior Court case.  Defendant McKay does not state
4    when the Government previously asserted that it was going to call Potter at trial, nor does
5    he dispute that Potter has been uncooperative from the beginning, refusing medical
6    treatment immediately after the alleged beating and refusing to cooperate in the state court
7    case against McKay.  It appears likely that Potter has never been a likely witness at trial
8    in this case.

9    Much of Defendant McKay's reply memorandum focuses on weaknesses in the
10   Government's case that will aries if Potter does not testify, but such weaknesses do not
11   support McKay's motion to dismiss for discovery violations.  Defendant McKay did not
12   file, nor could he have filed, a motion for summary judgment against the Government.  Nor
13   do alleged pretrial weaknesses in the Government's case, or even the Government's
14   discretionary decision not to call a witness at trial, amount to the outrageous and flagrant
15   misbehavior required for dismissal.  *Id*.  Moreover, Defendant McKay does not explain how
16   he has suffered substantial prejudice from the Government's refusal to disclose
17   impeachment evidence about a witness who will not testify at trial.

18   In sum, Defendant McKay has not carried his heavy burden of showing that the
19   Government engaged in outrageous or flagrant misconduct to his substantial prejudice.
20   *Id*.  Defendant McKay's motion to dismiss Counts 6 and 7 will therefore be denied.

21   **IT IS ORDERED:**

22   1.    Defendant Craig Kelly's Motion to Dismiss (Doc. #836) is **denied**.

23   2.    Defendant Robert McKay's Supplemental Motion to Dismiss Laughlin
24   Predicate Act (Doc. #944) is **denied**.

25

26

27

28

1    3.    Defendant Robert McKay's Motion to Dismiss for Discovery Violations

2  (Doc. #966) is **denied**.

3        DATED this 1st day of February, 2006.

David G. Campbell
United States District Judge